UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CASE NO. 4:06-CV-01407-GH

RANDY SCHAFER; END OF THE ROAD FARMS,
INC.; SCHAFER PLANTING CO., A PARTNERSHIP;
WALLACE FARMS, A PARTNERSHIP; ROBERT E.
MOERY; KYLE MOERY; CARTER FARMS
PARTNERSHIP; A PARTNERSHIP; ROBERT PETRUS;
PETRUS SEED & GRAIN CO., INC.; GOSNEY FARMS,
A PARTNERSHIP; RANDALL AMADEN; R & B AMADEN
FARMS, A PARTNERSHIP; A. S. KELLY AND SONS,
A PARTNERSHIP; AND NEIL DANIELS FARMS,
A PARTNERSHIP,

      PLAINTIFFS,

VS.

RICELAND FOODS, INC.; BAYER CROPSCIENCE
LP; BAYER CROPSCIENCE USA HOLDING II,
INC.; BAYER CROPSCIENCE USA LP; JOHN
DOE, AN INDIVIDUAL AND UNKNOWN INDIVIDUALS
OR CORPORATIONS A-P,

      DEFENDANTS.

## PLAINTIFFS' RESPONSE IN OPPOSITION TO BAYER'S MOTION TO STAY MOTION TO REMAND

Yesterday, Tuesday, November 21, 2006, Plaintiffs received from Bayer its motion seeking a stay of Plaintiffs' Motion to Remand. That is, Bayer does not want this district court to rule on the Motion; instead, Bayer wants this case

1

transferred to MDL for a MDL judge to rule on the Motion to Remand. Plaintiffs vehemently oppose this Motion to Stay and Plaintiffs continue to urge this Court to rule expeditiously on the Motion to Remand so that these Plaintiffs can pursue justice in the State Courts of Arkansas. Plaintiffs have real, concrete, and valid legal complaints against Riceland Foods, Inc., and Riceland is not fraudulently joined just in an attempt to avoid federal jurisdiction.

On November 6, 2006, Plaintiffs filed a 13-page "Response to Bayer's 'Motion to Stay Rule 16 and 26 Obligations Pending Transfer.'" At pages 3-11 of that Response, Plaintiffs cited considerable legal authorities in demonstrating why this Court should rule on the pending Motion to Remand without waiting on possible future MDL transfers. Plaintiff now re-adopts those citations and authorities.

In considering whether or not to stay a decision on a motion to remand, pending possible MDL transfer, courts utilize a three-part analysis:

(1) whether removal is clearly improper;

(2) whether the motion to remand raises difficult jurisdictional issues that are common to other MDL-joined cases; and

(3) even if the second factor exists, weighing issues of judicial

economy.[1]

Bayer is seeking anything but "judicial economy." Bayer, as most any defendant normally would, is trying to delay this case as much as it possibly can. Its wrongful removal has already wasted the entire months of October and November, in which these plaintiffs otherwise could have been commencing discovery and substantially moving this case forward in state court. Now, Bayer seeks even greater delay by having this Court "sit" on the Motion to Remand indefinitely. How does that serve "judicial economy?" More importantly, how does that "secure the just, speedy, and inexpensive determination of [this] action"? (Quoting Rule 1 of the Federal Rules of Civil Procedure.)

Judicial economy could be served *if* a MDL court was processing hundreds of similar cases where *identical* (or substantially similar) motions to remand were pending in many of those cases. In that hypothetical example, one MDL judge could make one decision that would simultaneously adjudicate scores of identical motions to remand. That is demonstrably not the situation here.

The specific jurisdictional issue here is whether the unique claims asserted by these Plaintiffs against Riceland in this unique complaint state a possibly

---

[1] See the November 6, 2006, "Plaintiffs'Response to Bayer's 'Motion to Stay Rule 16 and 26 Obligations Pending Transfer,'" e.g., at page 4.

cognizable claim under Arkansas law. This issue is unique to this single case. There is no economy of scale or judicial economy to be gained by transferring the remand decision in this case to a MDL judge. All that would accomplish is more delay - which is what Bayer really is seeking by its motion to stay.

## BAYER'S CITATIONS ARE NOT ON POINT AND ACTUALLY HELP TO PROVE PLAINTIFFS' POSITION

Bayer filed yesterday an 8-page memorandum brief in support of its motion to stay. Perhaps the most important factor in determining whether or not to stay is the question of whether identical jurisdictional issues are already pending in other motions to remand in other cases consolidated before the same MDL judge. If so, judicial economy could be served by letting one MDL judge decide the identical jurisdictional issue for all the cases at one time. But that is simply not the situation here. The fraudulent joinder jurisdictional issue in our case is unique to our case. In these circumstances, federal district courts almost always go ahead and rule on the motion to remand before waiting on a MDL decision.[2]

Bayer's motion and brief cite only one other case that might go to MDL that, Bayer alleges, contains a "similar" removal jurisdiction issue. First, the existence

---

[2] See, as noted above, the November 6, 2006, "Plaintiffs' Response to Bayer's 'Motion to Stay Rule 16 and 26 Obligations Pending Transfer,'" e.g., at pages 3-11.

of only one possibly similar case does not weigh on the side of defering the remand decision to the MDL judge. Second, the case cited by Bayer is, in fact, not even remotely similar.

At page 3 of Bayer's brief, it claims that the remand issues in ***Texana Rice Mill, Ldt., et al. v. Bayer CropScience LP, et al***., No. 3:06-cv-00725 (S.D. Tex), are similar. We went to PACER and printed the documents from that case and found that the jurisdictional issue there is unique to the ***Texana*** case and to Texas law. There is no relationship to our Riceland issues. If this is the most similar case Bayer can find to cite, that is just additional proof of the fact that our case presents unique fraudulent joinder issues that are unique to our case.

In ***Texana***, Bayer's Notice of Removal alleges that approximately eight named defendants are fraudulently joined. These defendants are growers and marketers of rice seed. They are sued under the Texas law of public nuisance for contaminating the commercial rice seed supply with LLRICE601. The Notice of Removal and the plaintiffs' Motion to Remand are all about whether the plaintiffs have stated a claim for nuisance under Texas law (including, for example, whether § 251.004(a) of the Texas Agricultural Code precludes such public nuisance claims). Those fraudulent joinder issues are unique to that case and unique to Texas law. There is obviously no good reason for either the ***Texana*** Court or this

Court to shift such unique jurisdictional issues over to a MDL court.

The other case citations in Bayer's briefs are also well off the mark. Bayer cites cases wherein the federal district court decided that it would be better for the motion to remand to be decided by the MDL court. But, the circumstances in those cases are so wildly different from our case that they actually help demonstrate why our Motion to Remand should be decided by this Court. That is, if the best cases that Bayer can find to cite for its position are so dramatically different from our case, that just helps to demonstrate that cases like ours are usually decided at the local level and the remand decisions are NOT transferred to the MDL court.

Most of the cases cited by Bayer are mass tort drug product liability situations where thousands of cases are in MDL - and where scores or hundreds of the cases present identical removal jurisdiction issues. Plaintiffs agree that those cases do present situations where judicial economy is best served by letting one MDL court make one jurisdictional determination that would simultaneously decide many identical motions to remand. But that situation is not present in our case and the reasons to bounce the remand issue over to the MDL court do not exist in our case.

Bayer cites the VIOXX cases of: **Woods** (Bayer brief, p. 4); **Fontanilles** (id.); **O'Gorman** (p. 5); and **Krieger**. **Michael** (Bayer brief, p. 4) and **Fortney** (p.

6

6) are REZULIN cases. And, Bayer's primary citation, *Jackson v. Johnson & Johnson, Inc*., 2001 WL 34048067 (W.D. Tenn. 2001), is a PROPULSID case.[3] None of these cases present similar situations, so they are not pertinent authority for the proposition that this Court should not rule on the pending Motion to Remand in this case.

The Rezulin case of *Michael v. Warner-Lambert Co.*, 2003 U.S.Dist. LEXIS 21525 (S.D. Cal. Nov. 20, 2003), is representative of this group of cases. District Judge Sabraw wrote that 985 cases involving over 6,000 plaintiffs were pending in MDL. *Id*. at *2. She said that the remand issues in her cases "are identical to twenty-five remand motions pending" in those MDL cases and that "[t]he motions all involve the same issue." *Id*. at *3. Under the three-part analysis (see above), she determined that "the MDL Court is undoubtedly more familiar with these cases" and that "the MDL judge has already ruled on numerous similar remand motions." *Id.* at *6.[4]

---

[3] Bayer attached copies of these orders and opinions to its motion.

[4] Similarly, the *Woods* Court explained that there were thousands of MDL Vioxx cases and that "the jurisdictional issues raised in this case are similar to those raised in other cases" in MDL. *Woods v. Merck & Co.*, 2005 U.S.Dist. LEXIS 31610, *4 (W.D. Tenn. Nov. 23, 2005). *Krieger* also held that the remand issues in that Vioxx case "are not unique to this case" and "involve similar issues" to those in other MDL cases. *Krieger v. Merck & Co.*, U.S.Dist. LEXIS 27633, *4-5 (W.D. N.Y. Nov. 4, 2005). The order in *Fortney v. Pfizer Inc*., No. 2:01-cv-

7

***Jackson v. Johnson & Johnson, Inc*.**, 2001 WL 34048067 (W.D. Tenn. 2001), noted that "large numbers" of Propulsid cases had been sent to MDL. In its conclusion paragraph, at *6, the Court explained that it would not rule on the motion to remand because there are "many others" already in MDL "where the same jurisdictional issues are under consideration." Again, that is just not the situation in this Riceland case.

The ***Jackson*** order does state that there is a "general rule" for federal district courts to defer the remand decision over to the MDL court. Plaintiffs contend that statement is erroneous. The "general rule" is just the opposite - district courts generally rule on their own motions to remand, unless the three-part analysis weighs in favor of letting the MDL judge decide.[5] ***Jackson's*** purported "general rule" is true only in the context of the sort of mass tort cases like the Propulsid situation ***Jackson*** specifically was dealing with. It is instructive to note that the only case ***Jackson*** cites for this purported "general rule" is the AGENT ORANGE case of ***In re Ivy***, 901 F.2d 7 (2d Cir. 1990). That is another special situation -

---

93 (N.D. Miss. May 24, 2001), notes that the MDL judge had already decided the remand issue in 8 similar cases from Mississippi and had 11 similar remand motions currently pending in cases out of Mississippi.

[5] See, as noted above, the November 6, 2006, "Plaintiffs' Response to Bayer's 'Motion to Stay Rule 16 and 26 Obligations Pending Transfer,'" e.g., at pages 3-11.

totally different from the case at bar - where the Second Court noted that "[t]he jurisdictional issue in question is easily capable of arising in hundreds or even thousands of cases." 901 F.2d at 9, quoted in *Jackson*, at *3. In contrast, Bayer has not cited a single case similar to ours wherein a federal district court has written that it is going to defer the motion to remand over to the MDL court even though it involves a jurisdictional issue unique to just that single case.

## **CONCLUSION**

Wherefore, plaintiffs urge the denial of the motion to stay, and plaintiffs continue to urge the expeditious adjudication of their pending motion to remand to state court.

Respectfully submitted,

/s/ Paul Byrd
Paul Byrd
HARE, WYNN, NEWELL & NEWTON, L.L.P.
A Limited Liability Partnership
Metropolitan National Plaza
4220 North Rodney Parham Rd., Suite 250
Little Rock, Arkansas 72212
(501) 225-5500
paulbyrd@hwnn.com

OF COUNSEL:
James J. Thompson, Jr.
HARE, WYNN, NEWELL & NEWTON, L.L.P.
The Massey Building

2025 Third Avenue North, Suite 800
Birmingham, AL 35203
(205) 328-5330
jt@hwnn.com

and

Jerry Kelly
Kelly Law Firm, PLLC
118 N. Center St.
P. O. Box 500
Lonoke, Arkansas 72086
(501) 676-5770
jkelly@kellylawfirm.net

Attorneys for the Plaintiffs


By:   /s/ Paul Byrd
        Paul Byrd


## CERTIFICATE OF SERVICE

I, Paul Byrd, hereby certify that on November 22, 2006, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:
Edwin L. Lowther, Jr., Esq.
Gordon S. Rather, Jr., Esq.
Wright, Lindsey & Jennings LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
Fax: (501) 376-9442

Attorneys for Defendant Bayer CropScience

elowther@wlj.com
grather@wlj.com

and

Barry Deacon, Esq.
Ralph W. Waddell, Esq.
A Professional Association
P. O. Box 1700
Jonesboro, Arkansas 72403
(870) 931-1700

Attorneys for Riceland Foods, Inc.

bdeacon@barrettdeacon.com
rwaddell@barrettdeacon.com

/s/ Paul Byrd

Paul Byrd
Attorney for plaintiffs
